FRONEY WITHERS v. THE STATE.

*No. 3659.    Decided November 25.*

**1. Theft—Continuance—New Trial.**—See facts stated in the opinion upon which it was held that the court did not err in overruling the motion to continue in the first instance, nor the motion for new trial when considered in connection with said application for continuance.

**2. Competency of Juror—Bias or Prejudice of.**—One of the causes of disqualification and challenge of a juror, enumerated in article 636, subdivision 12, Code of Criminal Procedure, is that the juror "has a bias or prejudice in favor of or against the defendant." *Held,* under this provision, that a juror is incompetent, and was properly challenged for cause, who stated on his *voir dire* that the fact of the defendant being a woman and a mother would influence and bias him in her favor and prevent him from rendering an impartial verdict.

**3. Juror—Bias—Prejudice.**—A bias on the part of a juror in favor of a defendant on trial is as much a cause for challenge as a prejudice against him.

APPEAL from the District Court of Kaufman. Tried below before Hon. Anson Rainey.

Appellant was indicted for the theft of $70 in money, same being in gold, paper, and silver money; and upon her trial was convicted, her punishment being assessed at two years in the penitentiary.

The facts are sufficiently stated in the opinion.

*E. R. Bumpass* and *Dillard & Stroud,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of theft of money, and given a term in the penitentiary.

When her cause was called for trial she moved for a postponement for the testimony of Dora Hitt, by whom it was expected to be proved that "on the morning after the money was alleged to have been stolen the principal State's witness, Mrs. E. E. Singer, told said Dora Hitt that she lost said money while traveling on the road." The motion

also asserts that appellant had no other witness by whom she could prove the same facts.

Pending this motion, another case was called for trial, in which the parties announced "ready." The motion in this case was presented and overruled. The other case was then tried. Upon the termination of the trial of said other cause this case was again called; whereupon appellant presented her application for a continuance for several witnesses. By its averments the application shows that Dora Hitt and George Fleet were expected to swear that they were cognizant of the statements of Mrs. Singer as set forth in the motion for postponement, and would so testify. By the remaining witnesses, several in number, appellant expected to prove "that she had money on her person similar to the money alleged to have been stolen by said defendant from said A. R. Singer (the alleged owner) long before said Singer missed his money, or any part of same." In so far as the diligence is concerned, it was wholly insufficient.

But the application will be viewed from the standpoint of the motion for new trial. The evidence developed on the trial shows that $70.10 was stolen. There was a Confederate bill of the denomination of $20 also taken at the same time. A portion of this money, on the day succeeding the theft thereof, was spent by appellant at a store in the neighborhood. When she was arrested appellant was searched, and on her person was found secreted about $25 of the money, and also the Confederate bill. She sought to avoid the search of her person. This money was all fully identified as the money of the alleged owner. The identification was full and complete.

On the day following the day the money was stolen Mrs. Singer inquired of appellant about the stolen money, and was informed that she had only one $5 bill, and displayed that to Mrs. Singer.

Neither the defendant nor her husband testified, and the husband was not summoned as a witness, nor was he present at the trial, although he only lived a few miles away. The husband was at court the day before the trial, but was not there on the day of the trial. Process is not shown to have issued for him. Under the facts of this case we are of opinion that the alleged absent testimony is not probably true.

About ten or twelve of the jurors, on their *voir dire*, were asked by the prosecution this question: "Would the fact of the defendant being a woman so far influence you as that you could not render a verdict according to the law and evidence?" Answering it in the affirmative, they were excused by the court. When the above question was asked, several other jurors were present and heard the questions and answers, and heard the court excuse said jurors. The defendant, being on trial, was also present, accompanied by her two small children. The prosecution asked the untried jurors the following question: "Would the fact of defendant being a woman and a mother in any manner in-

fluence your verdict?" They answered in the affirmative, and were excused by the court. Defendant excepted to this latter ruling, but the ground of the exception is not stated. It is recited in the bill that "the court was of the opinion that said jurors understood said question to mean that they could not render an impartial verdict in the cause on account of defendant being a woman."

One of the causes for challenge provided by the statute of this State is, that the proffered juror "has a bias or prejudice in favor of or against the defendant." Code Crim. Proc., art. 636, subdiv. 12. "A bias in favor of a defendant is as much a cause for challenge as a prejudice against him." Mr. Webster defines the word "bias" as follows: "A leaning of the mind; propensity toward an object, not leaving the mind indifferent; inclination; prepossession; bent." Pierson v. The State, 18 Texas Ct. App., 524. It has no definition in our codes; therefore, the above, being the common acceptation and usual meaning of the word, is applicable to the statute quoted from the Criminal Procedure. "The bias, prejudice, or opinion which will disqualify a venireman when entertained against the case of the accused will equally disqualify him when entertained against the case of the prosecution." 1 Thomp. Trials, sec. 71; The State v. West, 69 Mo., 401, 403; Commonwealth v. Lesher, 17 Serg. & R., 155; Commander v. The State, 60 Ala., 1; Pierson v. The State, 18 Texas Ct. App., 524.

A prejudice against a defendant on the part of a juror will constitute cause for challenge in this State under the terms of the statute. It is equally true that a bias in his favor would be ground for challenge on the part of the State. The answers of the jurors clearly show that there was a leaning of their minds, "an inclination, a prepossession, a bent, in favor of the defendant." The fact that defendant being "a woman and a mother" would "influence" the verdict of the jurors shows a bias on the part of each juror in her favor. If so, he or they were not indifferent, nor were they impartial.

"The leading and paramount object of our jury law is to secure impartial, fair-minded men as jurors to try causes, civil and criminal, and more particularly criminal causes, where not only life and liberty of the defendant may be involved, but also the peace, security, and welfare of society. This right to have fair and impartial jurors is the right of the State as much as it is of the defendant. It is as much the right of the State to exclude from the jury a person who has a bias in favor of the defendant as it is for the defendant to excuse one who is prejudiced against him." Pierson v. The State, 18 Texas Ct. App., 558; Mason v. The State, 15 Texas Ct. App., 534. To constitute a jury of jurors who are prejudiced against a defendant would be a denial of any hope of justice, would lead to swift conviction of innocent parties, inflict disgrace upon honorable men and pure women without cause, fill our penitentiaries with convicts untainted with crime in fact, and

Vol. XXX—25

set at naught the safeguards guaranteed by the Bill of Rights, and the subversion of the fundamental theory of the due administration of justice. On the other hand, to fill our juries with jurors whose bias is in favor of defendants on trial would lead to consequences equally as dire and fearful, and turn loose upon society the worst and most depraved criminals, and would violate every principle of the civil compact of government, and would be subversive of every law upon which the good order of society is based.

The selection of jurors is largely confined to the trial court, and it is his imperative duty to guard every avenue against the impanelling of improper persons with jealous care, and this discretion is necessarily lodged with the trial courts. The action of the court will not be subject to revision "unless some violation of the law is involved, or the exercise of a gross or injurious discretion is shown." (Same authorities.) In matters of this character the prosecution should lend the court its assistance to the end that the law may be strictly enforced in its letter and spirit. Unrighteous verdicts should be avoided, whether for or against the State. Society and its welfare depends very largely upon the purity of the jury box. The State only authorizes and demands convictions in the cases where the party on trial is shown to have been guilty of infraction of the law alleged to have been violated. "In this country, where fair and impartial jurors can be had so readily, there is really no reason why questions of this character should arise; and in all cases where there is a possibility for serious doubt as to the impartiality of a juror, from whatever cause, the court, in the exercise of the discretion conferred upon it, should promptly discharge him." Pierson v. The State, 18 Texas Ct. App., 559; Dreyer v. The State, 11 Texas Ct. App., 631.

The discretion of the trial court in this matter, however, is a broad one, but it is by no means unlimited or arbitrary. It has been frequently held by this court that an abuse of this discretion must be shown in order to require a reversal. In this matter we are of opinion that the court properly exercised its discretion, and the jurors were incompetent to sit on the jury.

The court did not err in refusing the special charge asked by defendant under the facts in this case. There being no error in the record, the judgment is in all things affirmed.

*Affirmed.*

Judges all present and concurring.